UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-614-H

ROBERT HAMILTON                                                                                          PLAINTIFF

V.

84 LUMBER COMPANY
DOUGLAS ANDREWS
MIKE FIGGINS                                                                                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

  Plaintiff, Robert Hamilton, filed this action in Nelson Circuit Court on October 12, 2004, alleging fraudulent misrepresentation, negligent misrepresentation, negligence and outrageous conduct against 84 Lumber Company, a limited partnership, and against two individuals, Douglas Andrews and Mike Figgins. Hamilton's essential complaint is that Andrews and Figgins, both 84 Lumber employees, convinced him to leave his employment at the Outback Builders with the promise of employment at 84 Lumber. On October 12, 2005, almost a year after commencement of the state court action, Defendant 84 Lumber removed to federal court under 28 U.S.C. § 1441(a) and (b) and § 1446(a) and (b). On November 10, 2005, Hamilton moved to remand to state court. The Court now considers that motion.

  Hamilton is a citizen of Kentucky. 84 Lumber has its principal place of business in Pennsylvania. Andrews is a citizen of Kentucky. Figgins is a citizen of Michigan. Removal to federal court is proper where this Court could have jurisdiction of the original state action. Here, that jurisdiction could exist only by the complete diversity of citizenship among Plaintiff and

Defendants pursuant to 28 U.S.C. § 1332(a)(1). So long as Andrews is considered a proper defendant complete diversity of citizenship is absent.

Defendant, 84 Lumber, argues that removal was proper because the Court should no longer consider Andrews a defendant for purposes of determining diversity under § 1332(a)(1). First, Defendant argues that Plaintiff failed to obtain service of process upon Andrews for the entire year after filing his state court complaint. Second, Defendant argues that Andrews and Figgins were named as parties solely for the purpose of defeating diversity, that the claims against each were identical to those against 84 Lumber and that the individual claims were, therefore, entirely superfluous. In essence, 84 Lumber argues that Andrews[1] was fraudulently joined solely for the purpose of defeating federal jurisdiction and that 84 Lumber is the only true and non-frivolous Defendant. Defendant has the burden of showing fraudulent joinder. *Jerome-Duncan, Inc. v. Auto-By-Tel, Inc.*, 176 F.3d 904, 908 (6th Cir. 1999) and *Sprowls v. Oakwood Mobile Homes, Inc.*, 119 F.Supp.2d 694, 697 (W.D. Ky. 2000).

The Court does not agree that Plaintiff's conduct in failing thus far to obtain service of process upon Andrews amounts to proof that his claims are presented only for purposes of avoiding federal jurisdiction. Plaintiff has taken a number of steps over many months to obtain service, all of which suggest a real interest in bringing both Andrews and Figgins before the Court. From the record, it appears that Plaintiff issued summons on several occasions and undertook discovery specifically for the purpose of determining the location of Andrews and Figgins. At one point, he seemed to have achieved agreement for their appearance on the condition that their claims be dismissed. Neither party was obligated to such an agreement, but

---

[1] Figgins' status as a defendant is irrelevant to the question of jurisdiction.

2

the discussion suggests Plaintiff's true interest in obtaining service.  Even though Plaintiff may not have done everything possible to obtain service, he has certainly done enough to show that he actively intended to bring Andrews before the Court.  He has done enough to convince the Court that he is not acting in bad faith.

It is quite clear that Plaintiff has asserted separate valid claims against both Andrews and Figgins for fraud, misrepresentation and interference with contractual relations.  As Plaintiff points out, even though the claims against the individuals largely duplicate those against 84 Lumber, that does not mean that the claims are frivolous.  Plaintiff is certainly entitled to assert similar, alternative or compounded claims against two different defendants.  It is enough for Plaintiff to demonstrate that the facts and the law actually permit such claims against two individuals.  He has demonstrated that quite clearly.  While these individual Defendants are perhaps not essential to Plaintiff's claims, they are not merely nominal Defendants.

At this time the Court cannot find a factual basis for concluding that joinder of Andrews as a defendant was fraudulent for purposes of determining jurisdiction.  The Court need not consider whether Defendants' removal was timely.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is SUSTAINED and this case is REMANDED to Nelson Circuit Court.

3

cc:     Counsel of Record